93 337|
144 476|

## Jennings *versus* Pennsylvania Railroad Co.

1. In the absence of evidence to show that the locomotive from which fences, hay and grass caught fire was improperly constructed, and had not an approved spark-arrester, the court was right in directing the jury to find a verdict for defendant in an action to recover damages for the loss thereby occasioned.

2. It cannot be held that the fact that the fire thus took place is prima facie evidence that the spark-arrester was defective, and that therefore the case should be submitted to the jury.

October 30th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Westmoreland county :* Of October and November Term 1878, No. 264. (Western District.)

Case by John Jennings against the Pennsylvania Railroad Company, to recover damages for the loss of hay in the meadows of plaintiff, alleged to have been set on fire by sparks from one of the locomotives of defendant.

The facts are sufficiently stated in the following opinion of the court below : " The material portions of the testimony on the part of the plaintiff, in relation to this question of negligence, are that his premises, on the 4th and 9th of July—at least on the 4th— were fired in several spots. There is no evidence that the fire extended any great distance along the route of the road ; nor does the evidence, as we recollect it, show that there was an unusual or extraordinary number of sparks emitted from the engine. But there is evidence showing that the field was fired at several places, and that the grass and hay, according to the quantity as testified to by the several witnesses in the case, were burned by reason of these sparks. That is one item of the evidence upon which the plaintiff may rely to show the existence of negligence, namely, the fact that the field was fired apparently by the same engine at different points. The plaintiff also relies upon the steepness of the grade, and insists that there is evidence tending to show that the engine was overworked, or worked to its utmost capacity, and that from the circumstances the jury would be authorized in inferring the existence of negligence. On the part of the defendant it is shown that the best approved spark-arresters were used and attached to the smoke stack ; and the evidence shows that the devices or apparatus employed by the company for the suppression of fires and the avoidance of danger from that element were of an efficient character, were of the quality used by other railroads, and adapted to the purposes for which they were intended. The evidence of the fitness and adaptation of the apparatus for the preventing of fire is uncontradicted ; and there is no specific testi-

12 NORRIS—22

[Jennings *v.* Pennsylvania Railroad Co.]

mony, as we recollect in the case, to show that there was any want of care, or vigilance, or skill in the management of the locomotive. These are the positions of fact presented by the evidence, and the question is one which it is the duty of the court to determine whether under all the circumstances the case is of such a character as ought to go to the jury; in other words, whether or not it is the duty of the court to give or withhold the evidence of negligence from the consideration of the jury. Some points have been presented by the counsel for the plaintiff, the answers to which will indicate the opinion of the court upon this question.

" 1. We have been asked to instruct you that if the jury believe that the cause of the fire in this case was sparks and pieces of ignited coals thrown out of the chimneys of the defendant's locomotives, and that the reason that the engines threw the sparks and coals out at this point—Jennings's farm—was the heavy grade of the road and the necessity of working the engines to their utmost capacity, then the defendant was guilty of negligence in overloading the engines, or not putting on more of them so as to prevent fires—then the plaintiff is entitled to recover damages for the injury done him.

" In this point the plaintiff rests his case upon the assumption that the defendant was guilty of negligence in overloading the engine, or in not putting on more engines before passing his fields where there was a heavy grade. We think there is not sufficient evidence in the case to satisfy the jury that the capacity of the engines was too severely tried. There is no direct evidence that we recall as to the length of the trains or their weight. There is no direct evidence tending to show that the trains were moving at an unusual rate of speed, or of want of skill in the management of the engines That they were subjected to a test too severe is rather an inference sought to be drawn from the fact that the hay lying on the ground and the grass were set on fire. The evidence, however, is uncontradicted that the best spark-arresters were attached to the engines; and when this is the case, and there is no sufficient evidence of a want of care and vigilance in the running of the engines, and therefore no sufficient evidence of negligence beyond the mere fact that the hay and grass were burned, the loss suffered by the plaintiff is a misfortune for which the defendant is not responsible. It is not easy to tell when the evidence of negligence is such as to justify the court in submitting it to the jury. In Pennsylvania Railroad Company *v.* Hope, 30 P. F. Smith 373, a recovery was allowed; but in that case the company had piled up dry grass with other rubbish on its roadway from which the fire was communicated to the plaintiff's fields. In Philadelphia & Reading Railroad Company *v.* Hendrickson, Id. 182, the thing burned, subject of complaint, was a barn, and there was evidence that the train was running at a very high rate of speed, and that

[Jennings v. Pennsylvania Railroad Co.]

an extraordinary quantity of sparks were thrown from the engine—a perfect streak of fire, as one of the witnesses expressed it, and this extended all along the line of the road for a distance of three miles, burning the grass and the fences all along, as well as the plaintiff's barn. It was said in that case, which was affirmed by the Supreme Court, that the burning of grass along the line of a railroad in the ordinary use of the road is not unusual, and is not of itself an act of negligence; nor does it establish by inference negligence in respect to the burning of the barn. In Philadelphia & Reading Railroad Co. v. Yerger, 23 P. F. Smith 121, houses were burned at a distance of sixty feet from the line of the road. There was evidence that sparks were thrown from the engine even beyond the houses, and that it was making extraordinary noise indicating distress in consequence of the heaviness of the load, and that the wheels went around without moving. But the court below was reversed for not granting a nonsuit. The engine in this case being provided with the best approved spark-arresters, it was held by the Supreme Court error to submit the question to the jury on the mere surmise that there may have been negligence on the part of the defendant. There must be evidence upon which the jury may reasonably and properly conclude that there was negligence, and when the evidence is not of such character it is the duty of the court to withdraw it. We have some hesitation as to what we should do in the present instance, but guided by the spirit and leaning of these decisions we are inclined to think that the evidence of negligence is insufficient. For this reason, and in view of the cause of action as set forth in the plaintiff's declaration, this point is refused.

"2. That if the jury believe that the spark-arresters on the defendant's engines on the 4th and 9th days of July 1874 were broken, worn out or burned out, and thus failed to arrest the sparks, then they were guilty of negligence, and the plaintiff is entitled to recover his damages.

"Aside from the fact that the grass and hay were burned by the sparks there is no sufficient evidence that the spark-arresters were inadequate or in bad condition. So far as we have evidence on the subject, it is the other way. If there was sufficient evidence of the fact stated in the point, and the fact alleged was believed, notwithstanding the countervailing proof, it would entitle the plaintiff to recover compensation for the injury sustained.

"We have been asked on the part of the defendant substantially to instruct you that the evidence in the case is insufficient. That point, in our answer to the points on the part of the plaintiff, you will observe, is substantially affirmed. We are of the opinion on the whole that the evidence in the case is not of such a character as would properly, and should properly and reasonably satisfy the jury of the existence of negligence; and for the reasons stated in

[*Jennings v.* Pennsylvania Railroad Co.]

the answers to the points and in the general charge we instruct you that your verdict should be in favor of the defendant."

The plaintiff took this writ, and alleged that the court erred in this action.

*Cowan & Stewart*, for plaintiff in error.—The plaintiff showed the fire originated from the engine of the defendant, and he went further, he showed they might have avoided it; that the engine must have been rendered dangerous in some way, either by removing the spark-catchers or knocking holes in them after they left Altoona or Derry, or that they were loaded too heavily for the grade at this point, and being overstrained, the spark-arresters were rendered ineffectual. It was shown that it was only on this heavy grade that fire was thrown out, and only on going up it; and the reason given was, that it took a fiercer fire to make enough of steam, and to get a fiercer fire there must be a stronger draft up the smoke-stack, which would drive out, and did drive out, coals of fire as large as a hickory nut or a walnut. These were the coals that made the fires, and according to the position of the company such coals could not escape through the spark-catchers. But suppose they did escape, was it not fair to infer that the latter had been taken out or tampered with? We think the court below dwelt too much upon the mere fact of the engines having been provided with spark-catchers at Altoona and Derry, and that it was incumbent upon the plaintiff to show such was not the case. How else was he to do it except by showing that the sparks were not caught and the reason of it?

*H. D. Foster* and *H. C. & J. A. Marchand*, for defendant in error.—In the absence of all testimony on the part of the plaintiff tending to show that there was negligence for want of sufficient spark-arresters, and the fact proved by defendant's witnesses that they were in good condition, and were of the most approved kind, it was the duty of the court to withdraw the question from the jury, and decide as they did. [See Philadelphia & Reading Railroad Co. *v.* Schultz, *post*, page 341.—REP.]

The judgment of the Supreme Court was entered November 10th 1879,

PER CURIAM.—This case cannot be distinguished from the Philadelphia and Reading Railroad Company *v.* Yerger, 23 P. F. Smith 121, which was followed in Erie Railway Company *v.* Decker, 28 Id. 293, in which it was held that evidence to prove defects in other engines of the company was irrelevant, and should have been excluded. In the case now before us there was no evidence to show that the locomotive from which the plaintiff's fences, hay and grass caught fire, was improperly constructed, and had not

[Jennings *v.* Pennsylvania Railroad Co.]

an approved spark-arrester. There was some evidence that on some occasions sparks larger than common issued from engines on the road, but not from this particular engine. On the other hand, the evidence on behalf of the defendants showed that this particular engine was without fault, and had been inspected not long before the occurrence. To hold that the fact of the fire having taken place, was prima facie evidence that the spark-arrester was defective, and therefore, that the case ought to have been submitted to the jury, would be practically to hold railroad companies liable for all fires; for it is notorious that no spark-arrester has yet been invented to prevent all sparks, and a little spark may kindle as large a conflagration as a larger one, it depending very much on the dryness or humidity of the atmosphere, whether a spark will go out before reaching the ground, and whether what it reaches is in a condition to be easily ignited. The learned judge below was therefore entirely right in directing the jury to find a verdict for the defendants. Judgment affirmed.